UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIGUEL SANTOS and ELIAS SALVADOR
QUINO, on behalf of themselves and others
similarly situated,

                              Plaintiffs,

                 -against-

PERFECTO PIZZERIA CORPORATION d/b/a
LUNETTA PIZZA & RESTAURANT;
MIDTOWN PIZZA CORP. d/b/a LA VERA
PIZZERIA & RESTAURANT; KHAIRALLA
MUHANA; MOHAMED S. MORSY; KHALIL
ABUALI; and ABDELLAL M. ABDCLLATIS,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/13/2018__

17 Civ. 6232 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

       Plaintiffs, Miguel Santos and Elias Salvador Quino, bring this action against
Defendants, Perfecto Pizzeria Corporation d/b/a Lunetta Pizza & Restaurant, Midtown Pizza
Corp. d/b/a La Vera Pizzeria & Restaurant, Khairalla Muhana, Mohamed S. Morsy, Khalil
Abuali, and Abdellal M. Abdcllatis, for, *inter alia*, unpaid minimum and overtime wages
under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York
Labor Law ("NYLL"), NYLL § 650 *et seq.* ECF No. 1. On May 21, 2018, the parties notified
the Court that they had reached a settlement and moved for approval of the settlement
agreement. Joint Letter, ECF No. 29. On July 23, 2018, the Court denied the motion without
prejudice on the grounds that the settlement agreement contained two impermissible
confidentiality provisions. ECF No. 33. On August 13, 2018, the parties filed a revised
settlement agreement which addressed the Court's concerns. ECF No. 34. On October 17,
2018, however, the Court again denied the motion for settlement approval because it failed to
specify the total amount each Plaintiff would receive under the agreement. ECF No. 36. On
November 2, 2018, the parties filed a second revised settlement agreement ("the Revised
Settlement"). ECF No. 37. For the reasons stated below, the motion to approve the Revised
Settlement is GRANTED.

**DISCUSSION**

I.    Legal Standard

       The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain
"labor conditions detrimental to the maintenance of the minimum standard of living necessary
for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly,
"[r]ecognizing that there are often great inequalities in bargaining power between employers and

employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.    Analysis

The Revised Settlement provides for Defendants to pay a total of $30,000, with Plaintiffs to receive $19,571, and Plaintiffs' counsel to receive $10,429 in attorney's fees and costs. Revised Settlement § A.1, ECF No. 37–1; Joint Letter at 4. The Revised Settlement now specifies the total amount that each named Plaintiff will recover: Santos will receive $16,609.08 and Quino will receive $3,561.92. Revised Settlement § A.3; Pl. Letter, ECF No. 37. The parties' letter motion identifies Plaintiffs' total possible recovery, if they were to succeed on all

of their FLSA claims at trial, to be approximately $186,000.   Joint Letter at 2.   The parties also assert that they were motivated to settle out of a "legitimate concern about the collectability of an unsatisfied judgement against the defendants" and "to avoid the risks inherent in protracted litigation."  *Id.* at 3–4.  Additionally, the parties state that they engaged in extensive arms-length bargaining, and there is no evidence of fraud or collusion.  *Id.* at 3.  The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the Revised Settlement does not contain any "highly restrictive confidentiality provisions."  *Cheeks*, 796 F.3d at 206.  It no longer contains the "Response to Subpoena" provision requiring Plaintiffs to notify Defendants if they are subpoenaed on a topic relating to Defendants.  Revised Settlement.  Moreover, the "Mutual Non-Disparage" provision now has a carve-out allowing Plaintiffs to speak "truthfully about their employment with Defendants or their participation in this action."  Revised Settlement § F.1.  *See also Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015) (a non-disparagement clause "must include a carve-out for truthful statements about plaintiffs' experience litigating their case").  Nor is the release provision in the Revised Settlement overly broad, as it only releases Defendants from "claims and demands concerning wage and hour matters."  Revised Settlement § C.  The Court is, therefore, satisfied that the Revised Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiffs' counsel seeks to recover $9,784 in fees, reflecting less than one-third of the total value of the Revised Settlement, and $645 in costs.  Joint Letter at 4; Revised Settlement § A.3.  As for costs, Plaintiffs' counsel may be reimbursed for the "costs of the action."  29 U.S.C. § 216(b); *see also Collado v. Donnycarney Rest. LLC*, No. 14 Civ. 3899, 2015 WL 4737917, at *10–15 (S.D.N.Y. Aug. 10, 2015) (awarding reasonable costs separately from attorney's fees).

The Court also finds that the requested attorney's fees are reasonable.  "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."  *Meza v. 317 Amsterdman Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015).  The award of attorney's fees here represents less than one-third of the settlement amount.  Joint Letter at 4.  *See also Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015) (assessing the reasonableness of the attorney's fees independently of the costs).

Courts use the lodestar method as a benchmark to further assess the reasonableness of attorney's fees, multiplying the hourly rate by the reasonable number of hours required by the case.  *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014).  Plaintiffs' counsel's lodestar calculation is $15,340 in attorney's fees for work done by Cilenti & Cooper, PLLC on Plaintiffs' FLSA claim.  Billing Records, ECF No. 29-2.  Justin Cilenti, lead counsel on the matter, billed 35.9 hours at a rate of $400 per hour and .9 hours at a rate of $200 per hour for travel.  *Id.*  An additional 7.6 hours were billed by paralegal Tatiana Cevallos at a rate of $100 per hour.  *Id.*  These rates are reasonable.  *See, e.g., Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228, 2018 WL 3559171, at *3 (S.D.N.Y. July 12, 2018) (finding reasonable Cilenti's hourly rate of $400 and Cevallos' hourly rate of $100).  Given that the lodestar amount exceeds

3

the fee request, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza*, 2015 WL 9161791 at *2, the Court finds that the fee award is reasonable.

## CONCLUSION

For the reasons stated above, the parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: November 13, 2018
        New York, New York

_____
ANALISA TORRES
United States District Judge

4